DANA M. SILVA (BAR NO. 271920)
dana.silva@saul.com
SAUL EWING LLP
1888 Century Park East, Suite 1500
Los Angeles, California 90067
Telephone:  (310) 255-6100
Facsimile:  (310) 255-6200

Attorneys for Defendant
AETREX, INC., a New Jersey corporation
d/b/a WWW.AETREX.Com

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SILVIA GARCIA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AETREX, INC., a New Jersey corporation d/b/a WWW.AETREX.COM,<br><br>Defendants. | Case No. 2:24-cv-10205<br><br>**DEFENDANT AETREX, INC. D/B/A WWW.AETREX.COM'S NOTICE OF REMOVAL OF ACTION**<br><br>Filed concurrently with Removed from: Superior Court of the State of California in the County of Los Angeles, Case Number 24STCV26796 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendant AETREX, INC. d/b/a WWW.AETREX.COM ("Defendant"), pursuant to 28 U.S.C. §§ 1332, 1367, 1441, 1446, and 1453, hereby removes to this Court the state court action described below.

1.      On October 14, 2024, an action was commenced in the Superior Court of the State of California in the County of Los Angeles, entitled SILVIA GARCIA, individually and on behalf of all others similarly situated, Plaintiff vs. AETREX, INC., a New Jersey corporation d/b/a WWW.AETREX.COM, Defendants, as Case Number: 24STCV26796 (the "State Court Action"). A copy of the Complaint is attached hereto as **Exhibit 1**.

<div style="writing-mode: vertical">SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100</div>

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

## INTRODUCTION

2. This Action is properly removed to this Court pursuant to 28 U.S.C. § 1441 because this Court has subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"). This Action is a civil action in which the alleged amount in controversy exceeds the sum of $5,000,000.00 exclusive of costs and interest, has more than 100 members in the proposed putative class and there is minimal diversity among the parties.

## PROCEDURAL HISTORY AND VENUE

3. On October 14, 2024, Plaintiff Silvia Garcia, individually and on behalf of all others similarly situated (collectively referred as the "Plaintiffs"), commenced the State Court Action. Defendant was served with the Complaint via Notice & Acknowledgement form on October 25, 2024. Accordingly, this removal is timely because Defendant filed it within thirty (30) days of the first receipt of a copy of the Summons and Complaint in this matter. 28 U.S.C. § 1446(b).

4. Los Angeles County is embraced by the United States District Court for the Central District of California – Western Division; therefore, this action is properly removed to the United States District Court for the Central District of California – Western Division. *See* 28 U.S.C. §§ 110, 1391(b)(2), and 1441(a).

5. Pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal will be served upon counsel for Plaintiffs and filed with the Clerk of the Superior Court of California, County of Los Angeles, as an exhibit to a Notice of Filing of Notice of Removal.

## JUSTIFICATION FOR REMOVAL

6. This Court has original jurisdiction, and this action is properly removable pursuant to the Class Action Fairness Act of 2005 ("CAFA"). *See* 28 U.S.C. §§ 1332, 1446, and 1453. The amount in controversy exceeds five million dollars, there are more than 100 putative class members, and minimal diversity exists.

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

7.    **Diversity:** The members of the putative class are citizens of the State of California. Defendant is a New Jersey corporation with a principal place of business in New Jersey. CAFA defines diversity citizenship as "any member of a class of Plaintiffs [who] is a citizen of a State different from any Defendant." *See* 28 U.S.C. §§ 1332(d)(2)(A). This requirement is satisfied. Plaintiffs are citizens of California. *See* Ex. 1, Compl., at ¶¶ 6, 23. The Complaint alleges (correctly) that Defendant is a New Jersey corporation. (*Id*. at ¶ Caption). Defendant's principal place of business is in the State of New Jersey. Under 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." Defendant is therefore a New Jersey citizen. Therefore, minimal diversity is met under CAFA.

8.    **Covered Class Action:** Under CAFA, a class action is defined as "any civil action filed under [R]ule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of juridical procedure authorizing an action to be brought by one or more representative persons as a class action." *See* 28 U.S.C. §§ 1332(d)(1)(B), 1453(a). The FAC falls within this definition.

9.    **Class Consisting of More Than 100 Members:** The proposed class is estimated to be in the tens of thousands given that it is made up of all California citizens who visited Aetrex's website (aetrex.com) for the applicable statutory time period. *See* Ex. 1, Compl., at ¶¶ 23-24. CAFA's class-size requirement is clearly met.

10.    **Amount in Controversy:**[1] The claims of individual class members can be aggregated to determine if the amount in controversy exceeds the required "sum or value of $5,000,000 exclusive of interest and costs." 28 U.S.C. §§ 1332(d)(2),

---

[1] Without waiving any defenses, Defendant acknowledges that the amount in controversy is properly determined by accepting Plaintiffs' allegations as true. *See Cain v. Hartford Life & Accident Ins. Co*., 890 F. Supp. 2d 1246, 1249 (C.D. Cal. 2012) ("In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint").

(d)(6). The complaint includes only one cause of action: a violation of California Invasion of Privacy Act (CIPA), California Penal Code § 638.51(a). Violations of California Penal Code section 638.51 can trigger civil penalties of five thousand dollars ($5,000) per violation. *See* Penal Code § 637.2. More specifically, only 1,000 violations would need to be pled in order to meet the $5,000,000 jurisdictional threshold. In October 2024, the aetrex.com website was visited more than four hundred and eighty two thousand (482,000) times. According to US Census Bureau data, as of July 1, 2023, California had an estimated population of 38,965,193 and the US population was estimated to be 334,914,895.[2] As such, residents of California represent approximately 12% of the US population. Reasonably assuming that 12% of the visitors to the aetrex.com website were citizens of California, it is reasonable to assume that an estimated number of fifty seven thousand and eight hundred (57,840) monthly visits to the aetrex.com website were from California residents. Even assuming the proposed class is a fraction of those fifty seven thousand and eight hundred monthly visitors, the CFA amount on controversy is more than met. *See Dart Cherokee Basin*, 135 U.S. 547 (2014) (holding that under 28 U.S.C. § 1446(a), a defendant's notice of removal only needs to include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold and does not require evidentiary submissions); *Arias v. Residence Inn*, 936 F.3d 920, 922 (9th Cir. 2019) ("a removing defendant's notice of removal need not contain evidentiary submissions but only plausible allegations of the jurisdictional elements"); *Korn v. Polo Ralph Lauren Corp*., 536 F. Supp. 2d. 1199, 1204-05 (E.D. Cal. 2008) (A defendant contending that the amount in controversy meets the jurisdictional minimum is not obligated to "research, state and prove the plaintiff's claims for damages.")

---

[2] See https://www.census.gov/quickfacts/fact/table/CA,US/PST045219 (last visited November 25, 2024).

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

53422608.1 361001-00037

4

DEFENDANT AETREX, INC. D/B/A WWW.AETREX.COM'S NOTICE OF REMOVAL OF ACTION

11. Notably, Plaintiffs also seek to recover attorneys' fees. *See* Ex. 1, FAC, at Prayer for Relief. While not necessary here to reach the required jurisdictional minimum, attorneys' fees may properly be included in calculating the amount in controversy where an underlying statute authorizes an award of attorneys' fees. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007). Although Defendant denies Plaintiffs' claims for attorneys' fees, for removal purposes it is notable that the Ninth Circuit uses a benchmark rate of twenty-five percent of the potential damages as the amount of attorneys' fees. *In re Quintus Sec. Litig.*, 148 F. Supp. 2d 967, 973 (N.D. Cal. 2001) (benchmark for attorneys' fees is 25% of the common fund).

12. **No CAFA Exception Applies:** The Action does not fall within any of exclusion to removal jurisdiction recognized by 28 U.S.C. § 1332(d), and the Plaintiffs have the burden of proving otherwise. *See Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007) ("[T]he party seeking remand bears the burden to prove an exception to CAFA's jurisdiction").

## RESERVATIONS

1. Defendant does not make any concessions regarding the merits of Plaintiffs' Complaint.

2. Defendant reserves all defenses.

3. Defendant reserves the right to amend or supplement this Notice of Removal if needed.

4. As to this matter, no further proceedings have been had in the Superior Court of California, Los Angeles County.

WHEREFORE, Defendant respectfully removes this Action, filed in the Superior Court of California, Los Angeles County, to this Court pursuant to the Class Action Fairness Act.

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

DATED:  November 25, 2024          SAUL EWING LLP


By:  ____/ s / Dana M. Silva____
DANA M. SILVA
Attorneys for Defendant
AETREX, INC., a New Jersey corporation
d/b/a WWW.AETREX.Com

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

53422608.1 361001-00037

6

DEFENDANT AETREX, INC. D/B/A WWW.AETREX.COM'S NOTICE OF REMOVAL OF ACTION

# EXHIBIT 1

# EXHIBIT A

PACIFIC TRIAL ATTORNEYS
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@pacifictrialattorneys.com
David W. Reid, Bar No. 267382
dreid@pacifictrialattorneys.com
Victoria C. Knowles, Bar No. 277231
vknowles@pacifictrialattorneys.com
4100 Newport Place Drive, Ste. 800
Newport Beach, CA  92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiff

Electronically FILED by
Superior Court of California,
County of Los Angeles
10/14/2024 9:43 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By C. Vega, Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| SILVIA GARCIA, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>       v.<br><br>AETREX, INC., a New Jersey corporation d/b/a WWW.AETREX.COM,<br><br>       Defendant. | Case No. 24STCV26796<br><br><br>**CLASS ACTION COMPLAINT FOR VIOLATION OF CALIFORNIA INVASION OF PRIVACY ACT** |

CLASS ACTION COMPLAINT

## I.    INTRODUCTION

1.    Defendant markets footwear directly and indirectly to consumers like Plaintiff. As part of Defendant's marketing regime, Defendant has partnered with TikTok to install sophisticated software on its website landing page at aetrex.com (the "Website").  This enables Defendant, TikTok, and others to learn the location, source, and identity of consumers who happen to land on their website.

2.    Plaintiff visited Defendant's website several times, most recently in mid-2024. Without Plaintiff's or class members' knowledge or consent, Defendant deployed a de-anonymization process to identify Plaintiff using electronic impulses generated from Plaintiff's device, as further described herein.  Defendant's installation of the TikTok tracing process violates California's Trap and Trace Law, codified at California Penal Code § 638.51.

## II.    JURISDICTION AND VENUE

3.    As a Court of general jurisdiction, This Court has jurisdiction over all matters presented to it per the mandates of the California Constitution.

4.    Venue is proper in this County because some of the class members' claims arose in this county.

5.    Defendant is subject to jurisdiction under California's "long-arm" statute found at California Code of Civil Procedure Section 410.10 because the exercise of jurisdiction over Defendant is not "inconsistent with the Constitution of this state or the United States." Indeed, Plaintiff believes that Defendant generates a minimum of eight percent of its national website sales to Californians, such that the website "is the equivalent of a physical store in California." Since this case involves illegal conduct emanating from Defendant's operation of its website targeting Californians, California courts can "properly exercise personal jurisdiction" over the Defendant in accordance with the Court of Appeal opinion in *Thurston v. Fairfield Collectibles of Georgia*, 53 Cal.App.5th 1231 (2020).

## III.    PARTIES

6.    Plaintiff is a resident and citizen of California.

7.    Defendant is a company based in New Jersey that sells footwear.

CLASS ACTION COMPLAINT

## IV.    FACTUAL ALLEGATIONS

**A.    Defendant's Website and the Tik Tok Software Spies on Activists Like Plaintiff.**

8.    Defendant operates the Website. Defendant has installed on its Website software created by TikTok in order to identify website visitors (the "TikTok Software").

9.    The TikTok Software acts via a process known as "fingerprinting." Put simply, the TikTok Software collects as much data as it can about an otherwise anonymous visitor to the Website and matches it with existing data TikTok has acquired and accumulated about hundreds of millions of Americans.

10.    The TikTok Software gathers device and browser information, geographic information, referral tracking, and url tracking by running code or "scripts" on the Website to send user details to TikTok.

11.    The TikTok Software begins to collect information the moment a user lands on the Website before any pop-up or cookie banner advises users of the invasion or seeks their consent.

12.    The TikTok Software also requests, validates, and transmits other identifying information, including a website visitor's phone numbers and email addresses.

13.    By sharing plaintiff's and class members' personal and de-anonymized data with TikTok, Defendant effectively "doxed" them to America's most formidable geopolitical adversary. *See* https://www.cnn.com/2023/06/08/tech/tiktok-data-china/index.html, ***Analysis: There is now some public evidence that China viewed TikTok data*** (quoting sworn testimony from former employee But Yu that Chinese Communist Party officials "used a so-called 'god credential' to bypass any privacy protections to spy on civil rights activists' 'unique user data, locations, and communications.'") (last accessed October 2024).

14.    Plaintiff is both (1) genuinely interested in the goods, services, and information available on Defendant's website, and (2) a consumer privacy advocate who works as a "tester" to ensure that companies abide by the privacy obligations imposed by California law. As the Ninth Circuit recently made exceptionally clear that it is "necessary and desirable for committed individuals to bring serial litigation" to enforce and advance consumer protection statutes, and that Courts must not make any impermissible credibility or standing inferences against them. *Langer v. Kiser*, 57 F.4th

- 3 -

1085, 1095 (9th Cir. 2023).  In other words, Plaintiff is exactly the type of person who the Chinese Communist Party has used TikTok to spy upon in the past.

15.    An image of the invasive TikTok code can be seen here:



16.    The website instantly sends communications to TikTok when a user views the page and track page interactions. In the example below, the right side of the image shows the various TikTok scripts being run by Defendant, and the electronic impulses being sent to TikTok to add to their collection of user behavior:



- 4 -
CLASS ACTION COMPLAINT

**B.      The TikTok Software is a Trap and Trace Device.**

17.     California Penal Code § 638.50(c). California law defines a "trap and trace device" as "a device or process that captures the incoming electronic or other impulses that identify the originating number or other dialing, routing, addressing, or signaling information reasonably likely to identify the source of a wire or electronic communication, but not the contents of a communication." California Penal Code § 638.50(c).

18.     The TikTok Software is a process to identify the source of electronic communication by capturing incoming electronic impulses and identifying dialing, routing, addressing, and signaling information generated by users, who are never informed that the website is collaborating with the Chinese government to obtain their phone number and other identifying information.

19.     The TikTok Software is "reasonably likely" to identify the source of incoming electronic impulses.  In fact, it is designed solely to meet this objective.

20.     Defendant did not obtain Plaintiff's express or implied consent to be subjected to data sharing with TikTok for the purposes of fingerprinting and de-anonymization.

21.     CIPA imposes civil liability and statutory penalties for the installation of trap and trace software without a court order. California Penal Code § 637.2; see also, *Greenley v. Kochava*, 2023 WL 4833466, at *15-*16 (S.D. Cal. July 27, 2023).

22.     Defendant did not obtain Plaintiff's or class members' express or implied consent to be subjected to data sharing with TikTok for the purposes of fingerprinting and de-anonymization.

## V.      CLASS ALLEGATIONS

23.     Plaintiff brings this action individually and on behalf of all others similarly situated (the "Class") defined as follows:

> **All California citizens whose personal information was shared with TikTok or other third parties by Defendant without their effective and informed prior consent.**

24.     NUMEROSITY: Plaintiff does not know the number of Class Members but believes the number to be in the tens of thousands.  The exact identities of Class Members may be ascertained by the records maintained by Defendant.

25.    COMMONALITY: Common questions of fact and law exist as to all Class Members, and predominate over any questions affecting only individual members of the Class.  Such common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class Member, include but are not limited to the following:

a.    Whether Defendant shared class members' personal information with TikTok or other third parties;

b.    Whether Defendant obtain effective and informed consent to do so;

c.    Whether Plaintiff and Class Members are entitled to statutory penalties; and

d.    Whether Class Members are entitled to injunctive relief.

26.    TYPICALITY: As a person who visited Defendant's Website and whose personal information was shared by Defendant, Plaintiff is asserting claims that are typical of the Class.

27.    ADEQUACY: Plaintiff will fairly and adequately protect the interests of the members of The Class. Plaintiff has retained attorneys experienced in the class action litigation.  All individuals with interests that are actually or potentially adverse to or in conflict with the class or whose inclusion would otherwise be improper are excluded.

28.    SUPERIORITY: A class action is superior to other available methods of adjudication because individual litigation of the claims of all Class Members is impracticable and inefficient.  It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed.

## VI.    CAUSE OF ACTION

### CAUSE OF ACTION

### Violations of the California Trap and Trace Law

### Cal. Penal Code § 638.51

29.    California's Trap and Trace Law is part of the California Invasion of Privacy Act ("CIPA") codified at Cal. Penal Code 630, *et. seq.*

30.    CIPA was enacted to curb "the invasion of privacy resulting from the continual and increasing use of" certain technologies determined to pose "a serious threat to the free exercise of personal liberties."   CIPA extends civil liability for various means of surveillance using technology, including the installation of a trap and trace device.

31.    A "trap and trace device" as "a device or process that captures the incoming electronic or other impulses that identify the originating number or other dialing, routing, addressing, or signaling information reasonably likely to identify the source of a wire or electronic communication, but not the contents of a communication."   California Penal Code § 638.50(c).

32.    California Penal Code §638.51 provides that "a person may not install or use…a trap and trace device without first obtaining a court order…" § 638.51(a).

33.    Defendant uses a trap and trace process on its Website by deploying the TikTok Software on its Website, because the software is designed to capture the phone number, email, routing, addressing and other signaling information of website visitors. As such, the TikTok Software is solely to identify the source of the incoming electronic and wire communications to the Website.

34.    Defendant did not obtain consent from Plaintiff and class members before using trap and trace technology to identify users of its Website, and has violated Section 638.51.

35.    CIPA imposes civil liability and statutory penalties for violations of §638.51.

36.    Therefore, Plaintiff and class members are entitled to the relief set forth below.

<div align="center">

**<u>PRAYER</u>**

</div>

WHEREFORE, Plaintiff prays for the following relief against Defendant:

1.    An order certifying the class and making all appropriate class management orders;

2.    Statutory damages pursuant to CIPA;

3.    Reasonable attorneys' fees and costs; and

4.    All other relief that would be just and proper as a matter of law or equity, as determined by the Court.

Dated:  October 14, 2024

PACIFIC TRIAL ATTORNEYS, APC

By: _____

Scott. J. Ferrell
Attorneys for Plaintiff

- 8 -

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
AETREX, INC., a New Jersey corporation d/b/a WWW.AETREX.COM,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
SILVIA GARCIA, individually and on behalf of all others similarly situated,

Electronically FILED by
Superior Court of California,
County of Los Angeles
10/14/2024 9:43 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By C. Vega, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES<br>312 N. Spring Street, Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>24STCV26796 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Scott J. Ferrell (Bar # 202091)
PACIFIC TRIAL ATTORNEYS, APC                                    Phone No.: (949) 706-6464
4100 Newport Place Drive, Suite 800, Newport Beach, CA 92660   David W. Slayton, Executive Officer/Clerk of Court

DATE:                                          Clerk, by                                        , Deputy
*(Fecha)* 10/14/2024                           *(Secretario)* C. Vega                          *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)              ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]
**SUMMONS**
Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*
*LexisNexis® Automated California Judicial Council Forms*

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | Bar #: 202091 | *FOR COURT USE ONLY* |
|---|---|---|

Scott J. Ferrell, Pacific Trial Attorneys, APC
4100 Newport Place Drive, Suite 800, Newport Beach, CA 92660

TELEPHONE NO.:  (949) 706-6464        FAX NO. :

EMAIL ADDRESS:

ATTORNEY FOR *(Name):*   Plaintiff Silvia Garcia and the putative class

**Electronically FILED by
Superior Court of California,
County of Los Angeles
10/14/2024 9:43 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By C. Vega, Deputy Clerk**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES

STREET ADDRESS:   312 N. Spring Street

MAILING ADDRESS:

CITY AND ZIP CODE:   Los Angeles 90012

BRANCH NAME:

CASE NAME:

Garcia, et al. v. Aetrex, Inc.

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|
| [X] **Unlimited** (Amount demanded exceeds $35,000)   [ ] **Limited** (Amount demanded is $35,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 24STCV26796<br>JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1.  Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[X] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2.  This case [X] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
    a. [X] Large number of separately represented parties
    b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
    c. [ ] Substantial amount of documentary evidence
    d. [X] Large number of witnesses
    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
    f. [X] Substantial postjudgment judicial supervision

3.  Remedies sought *(check all that apply):* a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [ ] punitive

4.  Number of causes of action *(specify):* ONE (1)

5.  This case [X] is  [ ] is not  a class action suit.

6.  If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 14, 2024

Scott J. Ferrell
_____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.    **Page 1 of 2**

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2024]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

LexisNexis® *Automated California Judicial Council Forms*  www.courts.ca.gov

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                              **CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice– Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

| SHORT TITLE<br>Garcia, et al. v. Aetrex, Inc. | CASE NUMBER<br>24STCV26796 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Courthouse Location (Column C)

| | |
|---|---|
| 1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover<br>Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Garcia, et al. v. Aetrex, Inc. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

| SHORT TITLE<br>Garcia, et al. v. Aetrex, Inc. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Contract** (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/ negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br><br>                    Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

| LASC CIV 109 Rev. 01/23<br>For Mandatory Use | CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION | LASC Local Rule 2.3 |
|---|---|---|

| SHORT TITLE | CASE NUMBER |
|---|---|
| Garcia, et al. v. Aetrex, Inc. | |

| | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation** (Continued) | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☑ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

| | | |
|---|---|---|
| LASC CIV 109 Rev. 01/23<br>For Mandatory Use | **CIVIL CASE COVER SHEET ADDENDUM**<br>**AND STATEMENT OF LOCATION** | LASC Local Rule 2.3 |

| SHORT TITLE<br>Garcia, et al. v. Aetrex, Inc. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON:<br>☑ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | ADDRESS:<br>414 Alfred Ave. | |
|---|---|---|
| CITY:<br>Teaneck | STATE:<br>NJ | ZIP CODE:<br>07666 |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the __Central__ District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: __10/04/2024__

_____
(SIGNATURE OF ATTORNEY/FILING PARTY

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>10/14/2024<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ C. Vega _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>24STCV26796 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | Kenneth R. Freeman | 14 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on  10/15/2024
(Date)

David W. Slayton, Executive Officer / Clerk of Court

By  C. Vega                        , Deputy Clerk

LACIV 190 (Rev 6/18)<br>LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

**APPLICATION**
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

**PRIORITY OVER OTHER RULES**
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDGE**
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

**TIME STANDARDS**
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

**COMPLAINTS**
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

**CROSS-COMPLAINTS**
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

**STATUS CONFERENCE**
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

**FINAL STATUS CONFERENCE**
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

**SANCTIONS**
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

**Class Actions**
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

**\*Provisionally Complex Cases**
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

# Superior Court of California, County of Los Angeles

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:**  ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR

1. **Negotiation**: Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation**: In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all.  Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

## How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
    If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

    - **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com (949) 863-9800
    - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion**. They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs**
    https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

    Day of trial mediation programs have been paused until further notice.

    **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration**: Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC)**: MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lacourt.org** under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the  complaint, and _____ for the cross-
   (INSERT DATE)                                    (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case.  The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____            ➢ _____
(TYPE OR PRINT NAME)                                                (ATTORNEY FOR PLAINTIFF)
Date:

_____            ➢ _____
(TYPE OR PRINT NAME)                                                (ATTORNEY FOR DEFENDANT)
Date:

_____            ➢ _____
(TYPE OR PRINT NAME)                                                (ATTORNEY FOR DEFENDANT)
Date:

_____            ➢ _____
(TYPE OR PRINT NAME)                                                (ATTORNEY FOR DEFENDANT)
Date:

_____            ➢ _____
(TYPE OR PRINT NAME)                                                (ATTORNEY FOR _____)
Date:

_____            ➢ _____
(TYPE OR PRINT NAME)                                                (ATTORNEY FOR _____)
Date:

_____            ➢ _____
(TYPE OR PRINT NAME)                                                (ATTORNEY FOR _____)

LACIV 229 (Rev 02/15)   **STIPULATION – EARLY ORGANIZATIONAL MEETING**   Page 2 of 2
LASC Approved 04/11

| Print | Save | Clear |
|---|---|---|

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:          FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1.  Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2.  At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally.  Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3.  Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a.  The party requesting the Informal Discovery Conference will:

        i.   File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii.  Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b.  Any Answer to a Request for Informal Discovery Conference must:

        i.   Also be filed on the approved form (copy attached);

        ii.  Include a brief summary of why the requested relief should be denied;

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 1 of 3

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

     iii.    Be filed within two (2) court days of receipt of the Request; and

     iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 2 of 3

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

| Print | Save |   | Clear |
|---|---|---|---|

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional):  E-MAIL ADDRESS (Optional):  ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE** (pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐  Request for Informal Discovery Conference
   ☐  Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| Print | Save | | Clear |

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:      FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

| Print | Save | Clear |
|---|---|---|

LACIV 075 (new)
LASC Approved 04/11

**STIPULATION AND ORDER – MOTIONS IN LIMINE**

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

**MAY 03 2019**

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT )    FIRST AMENDED GENERAL ORDER
— MANDATORY ELECTRONIC FILING )
FOR CIVIL )
)
)
)
_____ )

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

  a) **"Bookmark"**  A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

  b) **"Efiling Portal"**  The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

  c) **"Electronic Envelope"**  A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

  d) **"Electronic Filing"**  Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

1

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

e) **"Electronic Filing Service Provider"**   An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**   For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**   An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**   A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) EXEMPT LITIGANTS

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) EXEMPT FILINGS

a) The following documents shall not be filed electronically:

    i)    Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

    ii)   Bonds/Undertaking documents;

    iii)  Trial and Evidentiary Hearing Exhibits

    iv)   Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

    v)    Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format **when** technologically feasible without impairment of the document's image**.**

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

   i) Depositions;

   ii) Declarations;

   iii) Exhibits (including exhibits to declarations);

   iv) Transcripts (including excerpts within transcripts);

   v) Points and Authorities;

   vi) Citations; and

   vii) Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a **separate** digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing.  Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.   (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of:  (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

5

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

b)  Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9)  PRINTED COURTESY COPIES

a)  For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b)  Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

i)  Any printed document required pursuant to a Standing or General Order;

ii)  Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

iii)  Pleadings and motions that include points and authorities;

iv)  Demurrers;

v)  Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

vi)  Motions for Summary Judgment/Adjudication; and

vii)  Motions to Compel Further Discovery.

c)  Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10)  WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a)  Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b)  Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

11)  SIGNATURES ON ELECTRONIC FILING

For purposes of this General Order, all electronic filings must be in compliance with California Rules of Court, rule 2.257.  This General Order applies to documents filed within the Civil Division of the Los Angeles County Superior Court.

This First Amended General Order supersedes any previous order related to electronic filing, and is effective immediately, and is to remain in effect until otherwise ordered by the Civil Supervising Judge and/or Presiding Judge.

DATED:  May 3, 2019



KEVIN C. BRAZILE
Presiding Judge

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

DANA M. SILVA (BAR NO. 271920)
dana.silva@saul.com
SAUL EWING LLP
1888 Century Park East, Suite 1500
Los Angeles, California 90067
Telephone: (310) 255-6100
Facsimile: (310) 255-6200

Attorneys for Defendant
AETREX, INC., a New Jersey corporation
d/b/a WWW.AETREX.COM

FILED
Superior Court of California
County of Los Angeles
11/12/2024
David W. Slayton, Executive Officer / Clerk of Court
By: _____ I. Arellanes _____ Deputy

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| SILVIA GARCIA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AETREX, INC., a New Jersey corporation d/b/a WWW.AETREX.COM,<br><br>Defendants. | Case No. 24STCV26796<br><br>**STIPULATION TO EXTEND TIME FOR DEFENDANT AETREX, INC. D/B/A WWW.AETREX.COM TO RESPOND TO COMPLAINT AND FOR PLAINTIFF TO RESPOND TO DEFENDANT'S DISPOSITIVE MOTION; [PROPOSED] ORDER**<br><br>Assigned for All Purposes to the Hon. Kenneth R. Freeman, Department 14<br><br>Action Filed: October 14, 2024 |

## STIPULATION

IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiff Silva Garcia, individually and on behalf of all others similarly situated ("Plaintiff") and Defendant Aetrex, Inc. d/b/a www.aetrex.com ("Aetrex") (Plaintiff and Aetrex, collectively, the "Parties") by and through their counsel of record, as follows:

WHEREAS, on October 18, 2024, Plaintiff served its Summons and Complaint on Aetrex by Notice and Acknowledgment of Receipt, which was then signed on October 25, 2024;

WHEREAS, the Parties, through counsel, have agreed to extend Aetrex's time to respond to the Complaint by thirty (30) days from November 25, 2024 to December 26, 2024;

53266629.2 361001-00037

Electronically Received 10/29/2024 10:52 AM
SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

WHEREAS, the Parties, through counsel, have agreed that Plaintiff shall have at least 28 calendar days to respond to any dispositive motion that Aetrex may file in response to the Complaint including, but not limited to, a motion to quash service of summons and complaint for lack of personal jurisdiction, demurrer, or motion to strike;

WHEREAS, the Parties, through counsel, have agreed that Aetrex shall set any dispositive motion that Aetrex may file in response to the Complaint for hearing to occur no earlier than February 5, 2025;

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED as follows:

1.    Aetrex shall have up to and including December 26, 2024, to file a response to the Complaint;

2.    Plaintiff shall have at least 28 calendar days to respond to any dispositive motion that Aetrex may file in response to the Complaint including, but not limited to, a motion to quash service of summons and complaint for lack of personal jurisdiction, demurrer, or motion to strike;

3.    Aetrex shall set any dispositive motion that Aetrex may file in response to the Complaint for hearing to occur no earlier than February 5, 2025;

4.    Nothing in this Stipulation shall be construed as a waiver of any of the Parties' rights, defenses, or arguments they would otherwise have at law; and

5.    Aetrex makes a special appearance through this stipulation, does not make a general appearance, and does not consent to the Court's personal jurisdiction.

IT IS SO STIPULATED.

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

53266629.2 361001-00037

2

STIPULATION TO EXTEND TIME FOR DEFENDANT AETREX, INC. D/B/A WWW.AETREX.COM TO RESPOND TO COMPLAINT AND FOR PLAINTIFF TO RESPOND TO DEF.'S DISPOSITIVE MOTION; [PROPOSED] ORDER

DATED:  October 29, 2024          PACIFIC TRIAL ATTORNEYS

By:    ___/ s / Scott J. Ferrell___
       SCOTT J. FERRELL
       DAVID W. REID
       VICTORIA C. KNOWLES
       Attorneys for Plaintiff
       SILVIA GARCIA, individually and on behalf of
       all others similarly situated

DATED:  October 29, 2024          SAUL EWING LLP

By:    ___/ s / Dana M. Silva___
       DANA M. SILVA
       Attorneys for Defendant
       AETREX, INC., a New Jersey corporation
       d/b/a WWW.AETREX.COM

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

53266629.2 361001-00037                           3

STIPULATION TO EXTEND TIME FOR DEFENDANT AETREX, INC. D/B/A WWW.AETREX.COM
TO RESPOND TO COMPLAINT AND FOR PLAINTIFF TO RESPOND TO DEF.'S DISPOSITIVE MOTION;
[PROPOSED] ORDER

# [PROPOSED] ORDER

Having considered the above Stipulation, and good cause appearing therefor, IT IS HEREBY ORDERED THAT:

1)    Defendant Aetrex, Inc. d/b/a www.aetrex.com ("Aetrex") shall file a response to the Complaint no later than December 26, 2024;

2)    Plaintiff shall have at least 28 calendar days to respond to any dispositive motion that Aetrex may file in response to the Complaint;

3)    Aetrex shall set any dispositive motion that Aetrex may file in response to the Complaint for hearing to occur no earlier than February 5, 2025.

**IT IS SO ORDERED.**

Dated:    11/12/2024

Hon. Kenneth R. Freeman
Judge of the Superior Court
Kenneth R. Freeman / Judge

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

53266629.2 361001-00037

4

STIPULATION TO EXTEND TIME FOR DEFENDANT AETREX, INC. D/B/A WWW.AETREX.COM TO RESPOND TO COMPLAINT AND FOR PLAINTIFF TO RESPOND TO DEF.'S DISPOSITIVE MOTION; [PROPOSED] ORDER

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

## PROOF OF SERVICE

*Silvia Garcia, et al. v. Aetrex, Inc., et al.*
**LASC (Central District) Case No. 24STCV26796**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 1888 Century Park East, Suite 1500, Los Angeles, California 90067.

On October 29, 2024, I served true copies of the following document(s) described as **STIPULATION TO EXTEND TIME FOR DEFENDANT AETREX, INC. D/B/A WWW.AETREX.COM TO RESPOND TO COMPLAINT AND FOR PLAINTIFF TO RESPOND TO DEFENDANT'S DISPOSITIVE MOTION; [PROPOSED] ORDER** on the interested parties in this action as follows:

## SERVICE LIST

Scott J. Ferrell, Esq.                              *Attorneys for Plaintiff*
David W. Reid, Esq.                                 *SILVA GARCIA, individually and on behalf*
Victoria C. Knowles, Esq.                           *of all others similarly situated*
PACIFIC TRIAL ATTORNEYS
A Professional Corporation
4100 Newport Place Drive, Suite 800
Newport Beach, California 92660
Telephone: (949) 706-6464
Facsimile:  (949) 706-6469
sferrell@pacifictrialattorneys.com
dreid@pacifictrialattorneys.com
vknowles@pacifictrialattorneys.com

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address maria.villagran@saul.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October 29, 2024, at Los Angeles, California.

/ s / Maria Villagran
Maria Villagran

53266629.2 361001-00037                           5

STIPULATION TO EXTEND TIME FOR DEFENDANT AETREX, INC. D/B/A WWW.AETREX.COM TO RESPOND TO COMPLAINT AND FOR PLAINTIFF TO RESPOND TO DEF.'S DISPOSITIVE MOTION; [PROPOSED] ORDER

Electronically FILED by
Superior Court of California,
County of Los Angeles
11/13/2024 10:52 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By L. Smith, Deputy Clerk

DANA M. SILVA (BAR NO. 271920)
dana.silva@saul.com
SAUL EWING LLP
1888 Century Park East, Suite 1500
Los Angeles, California 90067
Telephone:  (310) 255-6100
Facsimile:  (310) 255-6200

Attorneys for Defendant
AETREX, INC., a New Jersey corporation
d/b/a WWW.AETREX.COM

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES, CENTRAL DISTRICT**

| | |
|---|---|
| SILVIA GARCIA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AETREX, INC., a New Jersey corporation d/b/a WWW.AETREX.COM,<br><br>Defendants. | Case No. 24STCV26796<br><br>**NOTICE OF ENTRY OF ORDER ON STIPULATION TO EXTEND TIME FOR DEFENDANT AETREX, INC. D/B/A WWW.AETREX.COM TO RESPOND TO COMPLAINT AND FOR PLAINTIFF TO RESPOND TO DEFENDANT'S DISPOSITIVE MOTION**<br><br>Assigned for All Purposes to the Hon. Kenneth R. Freeman, Department 14<br><br>Action Filed:    October 14, 2024 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on November 12, 2024, the Court signed the Order on the

Stipulation to Extend Time for Defendant Aetrex, Inc. d/b/a www.aetrex.com to Respond to

Complaint and for Plaintiff to Respond to Defendant's Dispositive Motion, a true and correct copy

of which is attached hereto as **Exhibit 1**.

/ / /

/ / /

/ / /

/ / /

NOTICE OF ENTRY OF ORDER ON STIPULATION TO EXTEND TIME FOR DEFENDANT AETREX, INC.
D/B/A WWW.AETREX.COM TO RESPOND TO COMPLAINT AND FOR PLAINTIFF TO RESPOND TO
DEFENDANT'S DISPOSITIVE MOTION

DATED:  November 13, 2024                    SAUL EWING LLP


By: _____
    DANA M. SILVA
    Attorneys for Defendant
    AETREX, INC., a New Jersey corporation
    d/b/a WWW.AETREX.COM

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

2

NOTICE OF ENTRY OF ORDER ON STIPULATION TO EXTEND TIME FOR DEFENDANT AETREX, INC. D/B/A WWW.AETREX.COM TO RESPOND TO COMPLAINT AND FOR PLAINTIFF TO RESPOND TO DEFENDANT'S DISPOSITIVE MOTION

# EXHIBIT 1

Electronically Received 10/29/2024 10:52 AM

DANA M. SILVA (BAR NO. 271920)
dana.silva@saul.com
SAUL EWING LLP
1888 Century Park East, Suite 1500
Los Angeles, California 90067
Telephone:  (310) 255-6100
Facsimile:  (310) 255-6200

Attorneys for Defendant
AETREX, INC., a New Jersey corporation
d/b/a WWW.AETREX.COM

**FILED**
Superior Court of California
County of Los Angeles
**11/12/2024**
David W. Slayton, Executive Officer / Clerk of Court
By: _____ I. Arellanes _____ Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES, CENTRAL DISTRICT

SILVIA GARCIA, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

AETREX, INC., a New Jersey corporation d/b/a WWW.AETREX.COM,

Defendants.

Case No. 24STCV26796

**STIPULATION TO EXTEND TIME FOR DEFENDANT AETREX, INC. D/B/A WWW.AETREX.COM TO RESPOND TO COMPLAINT AND FOR PLAINTIFF TO RESPOND TO DEFENDANT'S DISPOSITIVE MOTION; [PROPOSED] ORDER**

Assigned for All Purposes to the
Hon. Kenneth R. Freeman, Department 14

Action Filed:      October 14, 2024

## STIPULATION

IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiff Silva Garcia, individually and on behalf of all others similarly situated ("Plaintiff") and Defendant Aetrex, Inc. d/b/a www.aetrex.com ("Aetrex") (Plaintiff and Aetrex, collectively, the "Parties") by and through their counsel of record, as follows:

WHEREAS, on October 18, 2024, Plaintiff served its Summons and Complaint on Aetrex by Notice and Acknowledgment of Receipt, which was then signed on October 25, 2024;

WHEREAS, the Parties, through counsel, have agreed to extend Aetrex's time to respond to the Complaint by thirty (30) days from November 25, 2024 to December 26, 2024;

53266629.2 361001-00037

WHEREAS, the Parties, through counsel, have agreed that Plaintiff shall have at least 28 calendar days to respond to any dispositive motion that Aetrex may file in response to the Complaint including, but not limited to, a motion to quash service of summons and complaint for lack of personal jurisdiction, demurrer, or motion to strike;

WHEREAS, the Parties, through counsel, have agreed that Aetrex shall set any dispositive motion that Aetrex may file in response to the Complaint for hearing to occur no earlier than February 5, 2025;

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED as follows:

1.      Aetrex shall have up to and including December 26, 2024, to file a response to the Complaint;

2.      Plaintiff shall have at least 28 calendar days to respond to any dispositive motion that Aetrex may file in response to the Complaint including, but not limited to, a motion to quash service of summons and complaint for lack of personal jurisdiction, demurrer, or motion to strike;

3.      Aetrex shall set any dispositive motion that Aetrex may file in response to the Complaint for hearing to occur no earlier than February 5, 2025;

4.      Nothing in this Stipulation shall be construed as a waiver of any of the Parties' rights, defenses, or arguments they would otherwise have at law; and

5.      Aetrex makes a special appearance through this stipulation, does not make a general appearance, and does not consent to the Court's personal jurisdiction.

IT IS SO STIPULATED.

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

53266629.2 361001-00037

2

STIPULATION TO EXTEND TIME FOR DEFENDANT AETREX, INC. D/B/A WWW.AETREX.COM TO RESPOND TO COMPLAINT AND FOR PLAINTIFF TO RESPOND TO DEF.'S DISPOSITIVE MOTION; [PROPOSED] ORDER

DATED:  October 29, 2024          PACIFIC TRIAL ATTORNEYS


By: _____/ s / Scott J. Ferrell_____
SCOTT J. FERRELL
DAVID W. REID
VICTORIA C. KNOWLES
Attorneys for Plaintiff
SILVIA GARCIA, individually and on behalf of all others similarly situated


DATED:  October 29, 2024          SAUL EWING LLP


By: _____/ s / Dana M. Silva_____
DANA M. SILVA
Attorneys for Defendant
AETREX, INC., a New Jersey corporation
d/b/a WWW.AETREX.COM

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

53266629.2 361001-00037                          3

STIPULATION TO EXTEND TIME FOR DEFENDANT AETREX, INC. D/B/A WWW.AETREX.COM
TO RESPOND TO COMPLAINT AND FOR PLAINTIFF TO RESPOND TO DEF.'S DISPOSITIVE MOTION;
[PROPOSED] ORDER

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

# [PROPOSED] ORDER

Having considered the above Stipulation, and good cause appearing therefor, IT IS HEREBY ORDERED THAT:

1)  Defendant Aetrex, Inc. d/b/a www.aetrex.com ("Aetrex") shall file a response to the Complaint no later than December 26, 2024;

2)  Plaintiff shall have at least 28 calendar days to respond to any dispositive motion that Aetrex may file in response to the Complaint;

3)  Aetrex shall set any dispositive motion that Aetrex may file in response to the Complaint for hearing to occur no earlier than February 5, 2025.

**IT IS SO ORDERED.**

Dated:  _11/12/2024_ _____

Hon. Kenneth R. Freeman
Judge of the Superior Court
Kenneth R. Freeman/Judge

53266629.2 361001-00037

4

STIPULATION TO EXTEND TIME FOR DEFENDANT AETREX, INC. D/B/A WWW.AETREX.COM
TO RESPOND TO COMPLAINT AND FOR PLAINTIFF TO RESPOND TO DEF.'S DISPOSITIVE MOTION;
[PROPOSED] ORDER

## PROOF OF SERVICE

*Silvia Garcia, et al. v. Aetrex, Inc., et al.*
**LASC (Central District) Case No. 24STCV26796**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 1888 Century Park East, Suite 1500, Los Angeles, California 90067.

On October 29, 2024, I served true copies of the following document(s) described as **STIPULATION TO EXTEND TIME FOR DEFENDANT AETREX, INC. D/B/A WWW.AETREX.COM TO RESPOND TO COMPLAINT AND FOR PLAINTIFF TO RESPOND TO DEFENDANT'S DISPOSITIVE MOTION; [PROPOSED] ORDER** on the interested parties in this action as follows:

## SERVICE LIST

Scott J. Ferrell, Esq.
David W. Reid, Esq.
Victoria C. Knowles, Esq.
PACIFIC TRIAL ATTORNEYS
A Professional Corporation
4100 Newport Place Drive, Suite 800
Newport Beach, California 92660
Telephone: (949) 706-6464
Facsimile: (949) 706-6469
sferrell@pacifictrialattorneys.com
dreid@pacifictrialattorneys.com
vknowles@pacifictrialattorneys.com

*Attorneys for Plaintiff*
*SILVA GARCIA, individually and on behalf of all others similarly situated*

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address maria.villagran@saul.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October 29, 2024, at Los Angeles, California.

/ s / Maria Villagran
Maria Villagran

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

**PROOF OF SERVICE**

*Silvia Garcia, et al. v. Aetrex, Inc., et al.*
**LASC (Central District) Case No. 24STCV26796**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 1888 Century Park East, Suite 1500, Los Angeles, California 90067.

On November 13, 2024, I served true copies of the following document(s) described as **NOTICE OF ENTRY OF ORDER ON STIPULATION TO EXTEND TIME FOR DEFENDANT AETREX, INC. D/B/A WWW.AETREX.COM TO RESPOND TO COMPLAINT AND FOR PLAINTIFF TO RESPOND TO DEFENDANT'S DISPOSITIVE MOTION** on the interested parties in this action as follows:

**SERVICE LIST**

Scott J. Ferrell, Esq.                                    *Attorneys for Plaintiff*
David W. Reid, Esq.                                      *SILVA GARCIA, individually and on behalf*
Victoria C. Knowles, Esq.                               *of all others similarly situated*
PACIFIC TRIAL ATTORNEYS
A Professional Corporation
4100 Newport Place Drive, Suite 800
Newport Beach, California 92660
Telephone: (949) 706-6464
Facsimile:  (949) 706-6469
sferrell@pacifictrialattorneys.com
dreid@pacifictrialattorneys.com
vknowles@pacifictrialattorneys.com

**BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Saul Ewing LLP for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address maria.villagran@saul.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 13, 2024, at Los Angeles, California.

_____
Maria Villagran

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

NOTICE OF ENTRY OF ORDER ON STIPULATION TO EXTEND TIME FOR DEFENDANT AETREX, INC. D/B/A WWW.AETREX.COM TO RESPOND TO COMPLAINT AND FOR PLAINTIFF TO RESPOND TO DEFENDANT'S DISPOSITIVE MOTION

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO: 202091 | FOR COURT USE ONLY |
|---|---|---|

NAME: Scott J. Ferrell
FIRM NAME: PACIFIC TRIAL ATTORNEYS, APC
STREET ADDRESS: 4100 Newport Place Drive, Suite 800
CITY: Newport Beach     STATE: CA     ZIP CODE: 92660
TELEPHONE NO.: (949) 706-6464     FAX NO. : (949) 706-6469
E-MAIL ADDRESS: sferrell@pacifictrialattorneys.com
ATTORNEY FOR (Name): Plaintiff

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 312 N. Spring Street
MAILING ADDRESS: 312 N. Spring Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME:

Plaintiff/Petitioner: SILVIA GARCIA,
Defendant/Respondent: AETREX, INC.

| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER: 24STCV26796 |
|---|---|

TO (insert name of party being served): AETREX, INC., a New Jersey corporation d/b/a WWW.AETREX.COM

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: 10/18/2024

Katherine Kirshner

(TYPE OR PRINT NAME)     ►     (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of (to be completed by sender before mailing):

1. [x] A copy of the summons and of the complaint.
2. [x] Other (specify):

   Summons, Complaint, Civil Case Coversheet, Notice of Case Assignment, and ADR Information Packet.

(To be completed by recipient):

Date this form is signed: October 25, 2024

Dana M. Silva of SAUL EWING LLP, on behalf of
AETREX, INC., a New Jersey corporation d/b/a WWW.AETREX.COM

(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)     ►     (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov